IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-140-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JARRIN ANTHONY CLARIDA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for sentencing transcript and information regarding the case United States v. Campbell, No. 20-4256 (4th Cir. 2022). (DE 46). Where defendant's motion in part asserts potential grounds for challenging his conviction and sentence in post-conviction proceedings, on the basis of recent case law, the court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize that part of the instant motion as an attempt to file a motion to vacate, set aside, or correct, his sentence under 28 U.S.C. § 2255.

Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if,

within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion but will address the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

With respect to that part of the motion seeking a free transcript of defendant's sentencing, pursuant to 28 U.S.C. § 753(f), a free transcript may be provided to an indigent criminal defendant bringing an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see United States v. MacCollum, 426 U.S. 317, 326 (1976). An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). In this case, defendant has not yet filed a § 2255 action and he has not made a satisfactory showing of a particularized need for his sentencing transcript. Therefore, that part of defendant's motion seeking a free transcript is DENIED without prejudice.

SO ORDERED, this the 1st day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 7:19-cr-00140-FL   Document 47   Filed 05/01/23   Page 2 of 2